**CV 13-5517**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JAMES ANDROPOLI,

                             Plaintiff,

-against-

CITY OF NEW YORK, DOMINICK CAMINITI, Individually,
MITCHELL FRIEDMAN, Individually, DANIEL KRAUS, Individually,
and JOHN AND JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

                             Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

AMON, CH.J.

BLOOM, M.J.

Plaintiff JAMES ANDROPOLI, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JAMES ANDROPOLI is a fifty-one year old male residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DOMINICK CAMINITI, MITCHELL FRIEDMAN, DANIEL KRAUS, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On October 5, 2010, at approximately 12:50 p.m., plaintiff JAMES ANDROPOLI was unlawfully arrested, without probable cause any other privilege for said confinement, in the parking lot of his physician's office located at 3225 Victory Boulevard in Staten Island, New York, by defendant NYPD officers, including defendant CAMINITI.

13. Plaintiff was thereafter transported, in police custody, to his home located at 89 Carnegie Avenue, Staten Island, New York, where he remained outside in the police vehicle under arrest while his home was unreasonably searched.

14. Plaintiff occupies the ground floor apartment, and said apartment has its own entrance, which is not shared with the other apartment in the building, located on the second floor.

15. Upon information and belief, defendant officers including, but not limited to, DOMINICK CAMINITI, MITCHELL FRIEDMAN, and DANIEL KRAUS executed an unreasonable search of the apartments located within 89 Carnegie Avenue.

16. Plaintiff did not possess any illegal contraband in his apartment.

17. Notwithstanding the fact that no illegal contraband was recovered from plaintiff's apartment, the defendant officers formally arrested plaintiff without probable and transported plaintiff to the 122th precinct stationhouse and imprisoned plaintiff therein.

18. The defendant officers caused plaintiff to be imprisoned until October 6, 2010, at approximately 5:00 p.m., when as result of the filing of false and malicious sworn allegations of defendant CAMINITI, plaintiff was arraigned in Richmond County Criminal Court, resulting bail

19. Defendant DOMINICK CAMINITI created and manufactured false evidence

3

against plaintiff, and used same against him in said legal proceedings.

20. As a result of the malicious prosecution and manufacture of false evidence, plaintiff was compelled to return to court on approximately six occasions, until June 23, 2011, on which date all of the charges lodged against plaintiff were dismissed and sealed in Richmond County Criminal Court.

21. Defendant NYPD officers DOMINICK CAMINITI, MITCHELL FRIEDMAN, DANIEL KRAUS, and JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the illegal conduct described herein.

22. Defendant DANIEL KRAUS supervised defendants DOMINICK CAMINITI, MITCHELL FRIEDMAN, and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the arrest and prosecution of the plaintiff.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and a custom or practice of falsification.

24. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the authority to detain and arrest individuals in connection with search warrants, and regarding the ramifications of falsification.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. As a result of the foregoing, plaintiff JAMES ANDROPOLI sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## **Federal Claims**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff JAMES ANDROPOLI of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiff JAMES ANDROPOLI without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37. Defendants caused plaintiff JAMES ANDROPOLI to be falsely arrested and unlawfully imprisoned.

38. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Richmond County District Attorneys' office.

41. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about June 23, 2011.

42. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants issued criminal process against plaintiff JAMES ANDROPOLI by causing him to be arraigned and prosecuted for violation of the Penal Law.

45. Defendants caused plaintiff JAMES ANDROPOLI to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, including, without limitation, for the following reasons: for advancement on the job, overtime compensation, and/or

to meet quotas.

46. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants created false evidence against plaintiff JAMES ANDROPOLI.

49. Defendants utilized this false evidence against plaintiff JAMES ANDROPOLI in legal proceedings.

50. As a result of defendants' creation and use of false evidence, plaintiff JAMES ANDROPOLI suffered a violation of his constitutional rights to a fair trial as guaranteed by the United States Constitution.

51. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants had an affirmative duty to intervene on behalf of plaintiff JAMES

ANDROPOLI, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiff JAMES ANDROPOLI'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

56. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, and due to a *de facto* policy, custom and/or practice of falsification, that was the moving force behind the violation of plaintiff JAMES ANDROPOLI'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAMES ANDROPOLI.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAMES ANDROPOLI as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JAMES ANDROPOLI as alleged herein.

66.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JAMES ANDROPOLI was unlawfully arrested and maliciously prosecuted.

67.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAMES ANDROPOLI'S constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff JAMES ANDROPOLI of federally protected rights, including, but not limited to, the right:

    A.     Not to be deprived of liberty without due process of law;

    B.     To be free from false arrest/unlawful imprisonment;

    C.     To be free from malicious prosecution;

    D.     To be free from deprivation of his right to fair trial; and

    E.     To be free from the failure to intervene.

69.     As a result of the foregoing, plaintiff JAMES ANDROPOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JAMES ANDROPOLI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 4, 2013

        LEVENTHAL & KLEIN, LLP
        Attorneys for Plaintiff JAMES ANDROPOLI
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 722-4100

By: _____
      BRETT H. KLEIN (BK4744)